# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KIANA M. CRENSHAW, | ) | CASE NO. 1:13CV1845 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the application of plaintiff Kiana M. Crenshaw ("Crenshaw or "plaintiff") for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. No. 23 ["Application"].) The Commissioner of Social Security ("Commissioner" or "defendant") has filed a response (Doc. No. 24 ["Response"]) and plaintiff filed a reply (Doc. No. 25 ["Reply"]). This matter is fully briefed and ripe for determination.

## I. BACKGROUND

Crenshaw filed the instant action on August 22, 2013 seeking review of the Commissioner's denial of her application for supplemental security income. (Doc. No. 1.) On January 23, 2014, the Court granted the Commissioner's unopposed motion to remand under sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. Nos. 21, 22.)

Crenshaw now moves for attorney fees in the amount of $7,227.30, representing 35.1 hours of service provided by Attorney Kirk B. Roose,[1] 2.8 hours of service by Attorney Melissa L. Kunder, and 2.8 hours of service provided by Mr. Roose's appellate assistant, Diane J. Shriver. Plaintiff is requesting a $187.00 hourly rate for both attorneys' services and a $50.00 hourly rate for the appellate assistant's services.

The Commissioner opposes the request, challenging the reasonableness of the both the hourly rates and the time spent. The Commissioner expressly offers no challenge as to the timeliness of the fee application and as to plaintiff's prevailing party status.[2]

## II. DISCUSSION

### A.    Fees for the Two Attorneys

The EAJA provides that the amount of any attorney fee awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justify a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Here, plaintiff requests an hourly rate of $187.00 for her attorneys' services, based upon several factors.

---

[1] In her reply brief, Crenshaw requests an additional 9.0 hours of attorney services for the drafting of the reply brief.

[2] The EAJA requires the government to pay a prevailing social security plaintiff's attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).

1.      **Arguments Regarding an Increased Hourly Rate for Attorney Services**

     a.      *Increased Cost of Living*

Plaintiff supplies Exhibit 3 to her application as the basis for the computation of the increased hourly rate based on increased cost of living. Plaintiff argues that there has been a 1.496% increase in the cost of living from 1996 (when the EAJA cap of $125 was set) until April 2013 (the time during which she alleges most of counsel's work was performed), as reflected in the Consumer Price Index ("CPI") for all urban consumers. (*See* Application, Ex. 3.) However, other exhibits to the application show Attorney Roose's services as having been performed solely between July 2013 and December 2013 (with the bulk of services in November and December 2013), and Attorney Kunder's services solely in December 2013. (*Id*., Exs. 1 and 2.) That said, although the indices for November/December 2013 are slightly different than the April 2013 index cited by plaintiff, the resulting increase in the cost of living is the same − 1.496. Applying that to the EAJA cap of $125/hour, plaintiff requests an hourly rate of $187.00.

        The Commissioner argues that the EAJA expressly limits fees to $125 per hour and does not mandate or provide for automatic changes to reflect changes in the cost of living. The Commissioner cites *Begley v. Sec'y of HHS*, 966 F.2d 196, 199 (6th Cir. 1992), for the proposition that the "[statutory] rate is a ceiling, not a floor." In *Begley*, the court emphasized, however, that cost-of-living adjustments are left "to the sound discretion of the district court." *Id.* (citing *Chipman v. Sec'y of HHS*, 781 F.2d 545, 547 (1986).) The Commissioner also argues that plaintiff cannot justify a higher rate based on the attorney submissions attached to her application. (*See* Newman Decl. [Doc. No. 23-4]; Margolius Aff. [Doc. No. 23-4]; Davis Aff. [Doc. No. 23-6].) The Commissioner accurately notes that both Margolius and Davis indicate in their affidavits that they typically request an hourly rate of $125.00. The Court further notes,

however, that these attorneys also indicate that their rationale for that rate request is simple expediency – to avoid the additional expenses that would be incurred arguing for a higher rate. The Commissioner asserts that the record, including the attorneys' affidavits, "provide no specific evidence of what [the] prevailing hourly rate actually is[.]" (Response at 723.)

In reply, Crenshaw argues that the Commissioner has failed to mention or distinguish all the cases in the Northern District of Ohio where judges, including the undersigned, have rejected any assertion that the hourly rate should not be increased to recognize an increased cost of living. (*See* Reply at 731-35, citing cases.)

>    b.    *Hourly Attorney Rates in Cleveland*

Plaintiff also argues that, since the standard is "prevailing market rate," the typical hourly rates charged by attorneys in Cleveland, including her own attorney, are relevant. Crenshaw points to the declaration of Dianne R. Newman, an experienced attorney whose current practice is exclusively in Social Security, which states, in relevant part:

> 12.    The usual hourly rate stated by attorney Kirk B. Roose, $300, is in line with the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation. . . .
>
> 13.    A rate of less than $200 per hour would be less than the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation.

(Newman Decl. at 676.) Crenshaw further cites the affidavit of Marcia Margolius, another attorney experienced in Social Security practice, who attests that she has been awarded fees in such cases at rates of $350 and $400 per hour. (Margolious Aff. ¶¶ 8, 9.) She further states that "[t]he standard hourly rates in Social Security cases . . . are almost always higher than $75/hr and often are higher than $150/hr." (*Id.* ¶ 9.) In her opinion, "the prevailing rate for [Attorney's Roose's] services in Social Security cases[] should exceed $175/hr to $200/hr[.]" (*Id.* ¶ 10.)

4

Crenshaw also relies on an Ohio State Bar Association survey profiling attorney hourly billing rates in Ohio during 2010, and *The Survey of Law Firm Economics* released in July 2011, but based on 2010 data. (Application, Exs. 8, 9.) She cites several cases in the Northern District of Ohio where the rates of other attorneys were accepted as evidence of the need to increase the hourly rate. (Application at 665-66, citing cases.) Crenshaw also notes that the Commissioner has settled claims with Social Security litigants, agreeing to hourly rates in excess of $125. (*Id.* at 666.)

The Commissioner rejects any reference to the rates of other attorneys and argues that the statutory rate is sufficient, even in this locale, as evidenced by the fact that some attorneys routinely request only the statutory rate. The Commissioner also rejects any reference to the two surveys submitted by plaintiff as proof of "prevailing market rates" because they both are broad surveys reporting average rates of attorneys who not only do not practice Social Security law, but also do not practice law in the Cleveland area. Finally, the Commissioner argues that, if the rate is to be increased based on the CPI, the Court should measure the cost of living increase based on the "Urban Consumers – All Items – Cleveland-Akron" average, rather than the "Urban - All Items" used by plaintiff.

2.      **Conclusion as to the Hourly Rate for Attorneys**

Having considered all the arguments and the available record, the Court is not particularly persuaded by the attorney affidavits attached to the application because two are dated July 2012 (well over a year before the bulk of the attorney services in this case) and one is dated November 2012 (a year before). Attorney Roose's own affidavit is dated August 2013, at the time that he was rendering services to Crenshaw, but the Court is somewhat hesitant to unduly credit an attorney's own affidavit as the sole support for increasing his hourly rate above

5

the statutory cap. That said, the Court concludes that the change in the cost of living over the years justifies an increase of the statutory rate.

The Court agrees with other judges of the Northern District of Ohio that the appropriate measure of inflation should be the "Midwest Urban" CPI rather than the "U.S. City Average." *See*, *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 803-04 (N.D. Ohio 2013) (the Midwest Urban CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis[]") (citing *Mohr v. Comm'r of Soc. Sec.*, No. 3:11CV2731, 2013 WL 557176 (N.D. Ohio Feb. 12, 2013); *Vasquez v. Astrue*, No. 3:11-cv-0177, 2012 WL 3637676 (N.D. Ohio Aug. 22, 2012); *Jaworski v. Astrue*, No. 1:10-cv-02936, 2012 WL 3552634 (N.D. Ohio Aug. 16, 2012); *Killings v. Comm'r of Soc. Sec.*, No. 1:09CV845, 2009 WL 3614956 (N.D. Ohio Oct. 28, 2009)).

Using the CPI-U for the Midwest Region,[3] averaging the values for November 2013 (219.483) and December 2013 (219.033), the time during which virtually all of the work in this case occurred, and dividing by the value for March 1996 (when the EAJA's statutory cap was set), the Court calculates the cost of living increase to be 1.45 (i.e., $219.258 \div 151.7^4 = 1.44533$). Multiplying $125 by that increase, the appropriate hourly rate would be $181.25 (i.e., $125 x 1.45).

Next, the Court turns to the hours claimed by Attorneys Roose and Kunder. (*See* Application, Exs. 1 and 2.) The Commissioner argues that the hours sought are "excessive and unreasonable." (Response at 724.)

---

[3] This can be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

[4] In Ex. 3 to her application, plaintiff incorrectly cites this value as 155.7.

Plaintiff's brief on the merits (Doc. No. 18) was filed on December 26, 2013 and consisted of seventeen (17) pages, plus a four-page fact sheet and two pages reviewing the hearing testimony. The time sheets submitted by Attorney Roose itemize the following 31.3 hours:

| | | |
|---|---|---|
| 11/24/13 | Begin research on brief and issues | 3.0 |
| 12/20/13 | Continue research for brief and fact sheet | 4.6 |
| 12/21/13 | Continue research for brief and fact sheet | 7.8 |
| 12/23/13 | Confer with attorney regarding preparing chronology of disabilities | .1 |
| 12/24/13 | Continue research for brief and fact sheet | 2.0 |
| 12/26/13 | Complete research and brief, fact sheet, and tables; file same | 13.8 |

(Application, Ex. 1 at 670.) In addition, Attorney Kunder itemizes 2.8 hours relating to creating a "chronology of disabilities." (*Id.*, Ex. 2 at 672.) This suggests that a total of 34.1 hours was spent on the brief, 31.3 of those hours by an experienced attorney.[5] This is excessive, even where, as here, the brief is compactly written and contains little or no "boilerplate" language. However, the Court rejects the Commissioner's request to reduce the hours by half, instead crediting Attorney Roose's argument in the reply brief that "[i]t was a challenge to demonstrate that [Crenshaw] could be disabled by an episodic skin condition." (Reply at 737.) The Court concludes that 21.8 hours is the appropriate amount of time to allow for this work. The remaining 3.8 hours itemized by Attorney Roose are not excessive for the tasks performed. Therefore, the Court will allow a total of 25.6 hours based on the application.

Finally, in her reply brief related to the instant fee application, Crenshaw asks this Court to add an additional 9.0 hours to account for research on the reply brief itself. The Court concludes that this is excessive and will reduce that amount to 4.5 hours.

---

[5] The application includes no credentials for Attorney Kundler, other than to identify her as working at the firm of Roose and Ressler.

7

In sum, the Court reduces the original 37.9 hours by 12.3 hours, and further reduces the 9.0 hours claimed for the final reply brief by 4.5 hours, for a resulting total of 30.1 hours. At the hourly rate of $181.25, this amounts to an award of $5,455.63 for the services of Attorneys Roose and Kunder.

**B.    Fees for Services Performed by Appellate Assistant Shriver**

Plaintiff further seeks to recover fees for services performed by her counsel's appellate assistant. The Commissioner argues that the 2.8 hours requested should be reduced to 1.8 hours because one hour was spent by Shriver performing legal services for which she is not licensed. (Response at 725-26, referring to Shriver's "prepar[ation of] outline and some language for Plaintiff's brief and fact sheet".) Plaintiff argues in reply that it is permissible for a non-attorney to perform this kind of preparatory work. (Reply at 741-42, citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285, 288, n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989).)

The Court finds support in the case law of the Northern District of Ohio for awarding fees for services of the kind performed by Ms. Shriver. *See, e.g.*, *Draper v. Comm'r of Soc. Sec.*, No. 3:11CV2287, 2013 WL 5878935, at * 5 (N.D. Ohio Mar. 15, 2013). Having examined the list of services performed and the hours claimed (Application, Ex. 2), the Court finds them reasonable. Accordingly, an additional amount of $140.00 (2.8 hours x $50/hr) shall be awarded.

**C.    Person Entitled to Payment**

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that EAJA fees are payable to the plaintiff and are subject to setoff if the plaintiff has outstanding federal debts. The Court also implicitly recognized that the payment could be made directly to a plaintiff's

attorney only in cases where the plaintiff both owes no debt to the government and had assigned any right to EAJA fees to the attorney.

Here, Crenshaw has "consent[ed] to have all EAJA fees paid to [her] attorneys." (*See* Contingent Fee Agreement [Doc. No. 23-14].) However, plaintiff has made no showing that she owes no debt to the government, such that it would be appropriate for this Court to order an immediate, direct payment to her attorney's law firm. *See, e.g.*, *Cutler v. Astrue*, No. 1:10cv343, 2010 WL 901186, at *1 (N.D. Ohio Mar. 14, 2011).

Therefore, the Court orders the Commissioner to determine within 30 days of the date of this order whether plaintiff owes a preexisting debt to the government, to offset that debt (if any) against the award herein, and to thereafter directly pay the balance to plaintiff's attorney's law firm, to be credited against the total amounts owed by plaintiff to her attorney. This procedure shall be completed and payment made by October 3, 2014 at the latest.

## III. CONCLUSION

For the reasons set forth herein, plaintiff's application for EAJA attorney fees is granted in part. The Court will award a total of $5,595.63 for the services performed, representing $5,455.63 for attorney services and $140.00 for appellate assistance services. This amount shall be paid to the plaintiff's attorney's law firm following the procedure outlined in the paragraph immediately above.

**IT IS SO ORDERED**.

Dated: September 5, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**